IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ARNEATHA WILEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 3:04-cv-833-GPM |
| ) | |
| DARLENE A. VELTRI ) | |
| ) | |
| Respondent. ) | |

**REPORT AND RECOMMENDATION**

This matter has been referred to Magistrate Judge Donald G. Wilkerson by Chief District Judge G. Patrick Murphy pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a) for a Report and Recommendation on the Petition for a Writ of Habeas Corpus filed by the petitioner, Aneatha Wiley, on November 11, 2004 (Doc. 1). For the reasons set forth below it is **RECOMMENDED** the Petition be **DENIED**, that this matter be **DISMISSED WITH PREJUDICE**, and that the Court adopt the following findings of fact and conclusions of law:

**FINDINGS OF FACT**

The petitioner, Arenthea Wiley, was convicted of fraud, in violation of 18 U.S.C. §§ 2, 1029, and 1342, and began serving a fifteen month sentence on June 2, 2004 followed by two years of supervised release. On November 11, 2004, when Wiley filed her Petition for a Writ of Habeas Corpus, she was incarcerated in the Federal Correctional Institution in Greenville, Illinois ("FCI Greenville"). Wiley also filed an accompanying Motion for Preliminary and/or Permanent Injunction which Chief Judge G. Patrick Murphy ordered this Court construe as a memorandum in support of the petition for habeas relief.

Wiley file this Petition challenging the Bureau of Prison's ("BOP") interpretation of

statutes 18 U.S.C. §§ 3621 (b) and 3624 (c) under the federal habeas statute codified in 28 U.S.C. § 2255. Based upon the BOP's interpretation of the statute, the BOP changed their policy regarding release into Community Correction Centers, commonly known as halfway houses. Under the former policy, prisoners were released into a halfway house for the final six months of their sentence. Under the new policy, prisoners are released for six months or the last ten percent of the inmate's sentence, whichever is less. Wiley seeks injunctive relief in her accompanying petition wherein she requested this court to enjoin the defendant to transfer her to a halfway house for the last six months of her confinement. (Doc. 2, p 1). She argues that the BOP's interpretations of the new regulations violate the notice and comment period requirement of the Administrative Procedures Act, that the BOP's change in policy reflects an illegal interpretation of the new rules, and that the application of the rules in general violates her rights under the Fifth Amendment.  Wiley has not challenged any condition related to her supervised release.

However, Wiley was released from the custody of the BOP on a good conduct time release on July 15, 2005.  She did not file a reply to the Respondent's response filed on July 18, 2005, and her entire term of incarceration was completed in September of 2005.

## CONCLUSIONS OF LAW

Because Wiley is not in the custody of the BOP, she lacks standing to bring this claim. Wiley brings her claim under 28 U.S.C. § 2255. Under this statute, "a prisoner in custody... claiming the right to be released upon the grounds that the sentence was imposed in violation of the Constitution or the laws of the United States... may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. However, this statute only allows for a challenge brought by "a prisoner in custody... claiming the right to be released." Id.  The Supreme Court has addressed similar cases and while there is some latitude

that is granted to prisoners on this issue,[1] the requirement still applies to cases such as this. Specifically, the Supreme Court emphasized the fact that a controversy must exist between the parties for such a claim to continue. In Spencer v. Kemma, 523 U.S. 1 (1998) the Court ruled that "once the convict's sentence has expired... some concrete and continuing injury other than the now-ended incarceration or parole-some 'collateral consequence' of the conviction must exist if the suit is to be maintained." Spencer, 523 U.S. at 7.  Furthermore, the only relief requested is that the BOP be compelled to reassign Wiley to a halfway house for the last six months of her sentence. By now, Wiley has served out her entire sentence, so, as the Respondent notes in their brief, there is no relief which can be provided.

This is not to say that Petitioner may not be without a claim for monetary relief under a different statute. The Supreme Court and the Seventh Circuit have both noted that "individuals without recourse to the habeas statute because they are not 'in custody' (people merely fined or whose sentences have been fully served, for example) fit within [42 U.S.C.] § 1983's broad reach." Dewalt v. Carter, 224 F.3d 607 at  (7th Cir. 2000) (citing Spencer, 523 U.S. at 21, Ginsburg J. concurring). However, if a prisoner is only requesting that they be reassigned to a halfway house, and they have already been released, then they do not have standing to bring this claim under the federal habeas statute, 28 U.S.C. § 2255.

---

[1]Specifically, a prisoner on probation can still bring a Habeas Petition challenging a sentence which extended the duration of their probation. Spencer, 523 U.S. 1.

## CONCLUSION

For the reasons set forth above, this court cannot recommend that a Writ of Habeas Corpus be issued. It is therefore **RECOMMENDED** that the Petition for a Writ of Habeas Corpus filed by Aneatha Wiley on November 11, 2004 (Doc. 1) be **DENIED** and that this matter be **DISMISSED WITH PREJUDICE.**


**DATED: May 17, 2006**

                                                          **s/ Donald G. Wilkerson**
                                                          **DONALD G. WILKERSON**
                                                          **United States Magistrate Judge**